FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 07, 2026

SEAN F. McAVOY, CLERK

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JUAN LOPEZ-ROBLES, an individual and resident of Spokane County, *et al*,<br><br>Plaintiffs,<br><br>v.<br><br>FORD & MORTENSEN PS, a Washington Professional Corporation, *et al*,<br><br>Defendants. | No.  1:26-cv0178-SAB<br><br>**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION** |

Before the Court are Plaintiffs' Motion for Preliminary Junction, ECF No. 54, and related Motion to Expedite, ECF No. 72.

Plaintiffs move the Court for a preliminary injunction that (1) restrains Defendants from executing any foreclosure sales, trustee sales, or sheriff execution actions; (2) enjoins Defendants from contacting Plaintiffs and their families;[1] and (3) waives the security bond required by Federal Rule of Civil Procedure 65(c).

Plaintiffs' first request in their Motion is most relevant and time sensitive, as they contend that Plaintiff Ayala's real property is subject to a foreclosure sale set

---

[1] With regard to this portion of the Motion, and as noted below, the Court simply notes that it expects all parties to abide by the applicable Rules, including the Rules concerning communications between represented parties.

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION # 1**

to take place on July 10, 2026.

**Legal Framework**

A preliminary injunction is "an extraordinary remedy never awarded as [a matter] of right." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008). In order to procure such an extraordinary remedy, a plaintiff must demonstrate that (1) *the claim is likely to succeed on the merits*, (2) the plaintiff is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities weights in plaintiff's favor, and (4) an injunction is in the best interest of the public. *Id*. at 21 (emphasis added). Each of these factors must be supported by "a clear showing" of evidence to support it. *Id*. at 22. However, the first factor—whether a claim is likely to succeed on the merits—is the most important factor; therefore, if a plaintiff fails to meet this factor, then a court is not required to consider the other *Winters* factors. *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017).

Furthermore, under the clean hands doctrine, a plaintiff seeking equitable relief "must come with clean hands." *Johnson v. Yellow Cab Transit Co.*, 321 U.S. 383, 387, (1944). The so-called "clean hands doctrine" requires that a plaintiff "acted fairly and without fraud or deceit" in the underlying controversy. *Ellenburg v. Brockway, Inc.*, 763 F.2d 1091 (9th Cir. 1985).

**Unclean Hands**

As a preliminary matter and with regard to the first factor, Plaintiff Ayala has not demonstrated that his claim is likely to succeed on the merits. Within Plaintiffs' filings, they include a document signed by Plaintiff Ayala stating that the loan at issue was for commercial purposes and that the real property it was being used to finance would not be occupied as a residence. Despite these signed representations by Plaintiff Ayala, it is now contended that Plaintiff Ayala faces the "irreparable harm" of losing his home if this Court does not order a preliminary injunction. Plaintiff's representations in the documents that underly this

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION # 2**

controversy clearly implicate the clean hands doctrine, and equitable relief is therefore unavailable. Even assuming the clean hands doctrine were not applicable, Plaintiffs have failed to provide a clear showing of evidence to support their underlying claims.

**Injunctive Relief Not Available**

Even assuming that Plaintiffs could establish that the underlying claim is likely to succeed on the merits, the injunctive relief that Plaintiffs seek is not available in light of the posture of this case: Plaintiffs assert that this Court has subject-matter jurisdiction over the matter pursuant to 28 U.S.C. § 1331, specifically because this matter arises under 18 U.S.C. § 1964, often referred to as "civil RICO." *See Religious Tech. Ctr. v. Wollersheim*, 796 F.2d 1076, 1080 (9th Cir. 1986). However, the Ninth Circuit has held that injunctive relief is not available in civil RICO matters. *Id*. at 1085. Curiously, this argument was raised by multiple Defendants in their Responses, however; Plaintiffs chose to ignore those contentions in their Reply. Regardless, Plaintiffs cannot overcome the holding in *Wollersheim*, whatever the outcome of the aforementioned *Winter* analysis.

**Bond Requirement**

Federal Rule of Civil Procedure 65(c) requires that the movants for a preliminary injunction provide "security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained" by the injunction. Plaintiffs contend that this provision does not apply, citing to an ostensible provision of the Revised Code of Washington 9A.82.100(4): "The court may issue a temporary restraining order or preliminary injunction without the requirement of a bond or other security upon a showing of immediate danger of significant loss or damage in a civil action brought by a person under this section." This argument, however, is based on statutory language that does not exist: as Defendant Ford notes, this quote appears to be entirely fabricated language. To that end, this argument is meritless, and

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION # 3**

Plaintiffs are put on notice and further cautioned as noted below.

**Additional Matters**

Plaintiffs have now filed multiple motions asking this Court both to bend Local and Federal Rules and to ignore caselaw, while simultaneously filing briefings that include misquotations of statues and flawed citations to caselaw. The Court notes that all parties who have appeared in this matter are represented by counsel, and, as noted at the hearing on July 2, 2026, this Court expects counsel—as officers of the courts—to abide by each and every applicable set of Rules, with the understanding that failure to do so may result in sanctions as applicable.

Accordingly, **IT IS HEREBY ORDERED**:

1.      Plaintiffs' Motion for Preliminary Injunction, ECF No. 54, is **DENIED**.

2.      Plaintiffs' Motion to Expedite, ECF No. 72, is **DISMISSED AS MOOT**.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 7th day of July 2026.



Stan Bastian
Chief United States District Judge

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION # 4**