FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 21, 2026

SEAN F. McAVOY, CLERK

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JUAN LOPEZ-ROBLES, an individual and resident of Spokane County, *et al*,<br><br>Plaintiffs,<br><br>v.<br><br>FORD & MORTENSEN PS, a Washington Professional Corporation, *et al*,<br><br>Defendants. | No.  1:26-cv-0178-SAB<br><br>**ORDER GRANTING MOTIONS TO DISMISS** |

Before the Court are Defendants' Motions to Dismiss, ECF Nos. 24, 29, 42, 44, 46–53, 64, 85–86, 89, 94, 96, 99, 118, and 142. Based on the analysis herein, the motions are **granted**.

Under the Federal Rules, a legal complaint stating a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing the pleader is entitled to relief; and

(3) a demand for relief sought, which may include relief in the alternative or  different types of relief.

**ORDER GRANTING MOTIONS TO DISMISS  # 1**

Fed. R. Civ. P. 8(a). While the pleading standard under Rule 8(a) is not overly taxing, it requires more than mere assertions unsupported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Despite its length of 324 pages, the First Amended Complaint lacks the requisite amount of clarity required by the civil rules and caselaw. *See* Fed. R. Civ. P. 8(a); *Iqbal*, 556 U.S. at 678; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007). What it lacks in clarity it makes up in length and the use of sinister (but undefined) words and phrases such as dark inventory, corporate debt trap, equity extraction, toxic loops, the Hub, the Bankroll, the skimmer, the Squeeze, equity harvesting, unstable Jenga spire, vertical pillar bricks, unstable spires, fraudulent venire, splice-bolts, bird-dogging, clean-outs, "gemstones, trees and flips", ghost websites, predatory capital, commercial shims, and finally "seismic shift in evidence". This is done apparently to create suspicion that something must have been done by someone that must have somehow been illegal. A lengthy document with such an ominous and disquieting tone leaves the reader alarmed and convinced—inappropriately—with a feeling that this situation must include criminal activity somewhere. But this is not a financial or legal thriller novel: it is a legal complaint that should allege illegal activity by Defendants. A distilled contention regarding the who, what, where, when and how is missing. All that remains is confusion.

The sheer number of pages does not create a legally sufficient complaint. Undefined and sinister words do not create a legally sufficient complaint. Alleging racketeering activity does not, in itself, create a legally sufficient complaint. Rather, a legally sufficient complaint must avoid vague and conclusory language and must include sufficient facts. It is unclear to this Court, and apparently to also to the various defendants, what the defendants did that was illegal—which is the true predicate to racketeering. *See* 18 U.S.C. § 1964(c) . Consequently, the 21 pending motions to dismiss are granted, and the Fist Amended Complaint is

**ORDER GRANTING MOTIONS TO DISMISS  # 2**

dismissed entirely without prejudice. *See, e.g.*, *Schmidt v. Herrmann*, 614 F.2d 1221 (1980) (holding that the district court did not abuse its discretion when it dismissed a 30-page complaint that was "confusing, ambiguous, and unintelligible")

Accordingly, **IT IS HEREBY ORDERED**:

1.    Defendants' Motions to Dismiss, ECF Nos. 24, 29, 42, 44, 46–53, 64, 85–86, 89, 94, 96, 99, 118, and 142, are **GRANTED without prejudice**.

2.    Plaintiffs may file a proposed second amended complaint **on or before September 3, 2026.** This second amended complaint should avoid the use of the confusing and undefined words and phrases used in the First Amended Complaint and instead focus on clearly and concisely explaining what, where, how and when facts regarding each Defendant's alleged illegal activity. **Finally, the second amended complaint, if filed, shall be no more than 45 pages in length.**[1]

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 21st day of July 2026.



Stan Bastian
Chief United States District Judge

---

[1] The Court notes that Plaintiffs have attempted to supplement their Fist Amended Complaint with additional facts alleged in their responses (and attached declarations) to the pending motions to dismiss. However, this is inappropriate because under Federal Rule of Civil Procedure 15(a), a party "may amend its pleading once as a matter of course"; however, any additional amendment requires "the opposing party's written consent or the court's leave." Plaintiffs are thus on notice that any briefings filed to provide supplementary facts to the second amended complaint will not be considered and may result in sanctions.

**ORDER GRANTING MOTIONS TO DISMISS  # 3**